**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt@loker.law
1303 East Grand Avenue, Suite 101
Arroyo Grande, CA 93420
Telephone: (805) 994-0177
Facsimile: (805) 994-0197

**KHOSROABADI & HILL, APC**
Sara Khosroabadi, Esq. (299642)
sara@kandhlawgroup.com
Taylor Goldschmidt, Esq. (333847)
taylor@kandhlawgroup.com
2535 Kettner Blvd., Suite 2A2
San Diego, CA 92101
Telephone: (858) 434-1020

*Attorneys for Plaintiff,*
Maurice Samuels

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE SAMUELS,<br><br>Plaintiff,<br><br>v.<br><br>HYUNDAI CAPITAL AMERICA, INC. DBA KIA MOTORS FINANCE, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX, INC.; TRANS UNION LLC.; AND TOWING SAN DIEGO, INC.<br><br>Defendants, | Case No.: **'23CV0008 AJB  JLB**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I.  **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT;**<br><br>II. **FAIR CREDIT REPORTING ACT;**<br><br>III. **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT;**<br><br>IV. **FAIR DEBT COLLECTION PRACTICES ACT;**<br><br>V.  **CONVERSION; AND,**<br><br>VI. **TRESPASS TO CHATTELS**<br><br>**JURY TRIAL DEMANDED** |

CASE NO.:                                                          *Samuels v. Kia Motors Finance, et al.*
**COMPLAINT**

# INTRODUCTION

1. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

2. MAURICE SAMUELS ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of HYUNDAI CAPITAL AMERICA, INC. DBA KIA MOTORS FINANCE, INC, also known as KIA FINANCE AMERICA ("Kia"); EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"); EQUIFAX, INC. ("Equifax"); TRANS UNION LLC ("Trans Union"); and TOWING SAN DIEGO, INC. ("TSD") (collectively the "Defendants") with regard to attempts by Defendants to unlawfully and abusively collect an invalid debt from Plaintiff, inclusive of inaccurate credit reporting to the Credit Bureaus, and the unlawful repossession and subsequent damage to Plaintiff's vehicle, all of this conduct of which caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

6. Any violations by each Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C.; and, 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of Defendants' violations of (i) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, et seq. ("CCCRAA"); (ii), the Fair Credit Reporting Act, Cal. Civ. Code § 15 U.S.C. §§ 1681-1681X et seq. ("FCRA"); (iii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. ("RFDCPA"); (iv) the Fair Debt Collection Practices Act ("FDCPA"); (v) conversion; and, (vi) trespass to chattels.

10. Because Defendants conduct business within the State of California, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in San Diego County; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

12. Plaintiff is a natural person who resides in San Diego, California, from whom Defendant Kia Motors Financial sought to collect a consumer debt which was alleged to be due and owing from Plaintiff.

13. In addition, Plaintiff is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h); and, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Defendant Hyundai Capital America, Inc. DBA Kia Motors Financial ("Kia") is a foreign corporation existing under the laws of the state of Maryland with a principal place of business in Irvine, California.

15. Defendant Kia is a debt collector operating from the State of California.

16. Defendant Kia is a furnisher of information as contemplated by FCRA sections 1681s-2(b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

17. Defendant Kia in the ordinary course of business, regularly, on behalf of themselves or others, engages in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c) as well as 15 U.S.C. 1692a(6); and, 1692f(6).

18. Defendant Kia is also a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

19. Defendant Equifax, Inc. ("Equifax") is a foreign corporation existing under the laws of the state of Georgia with its principal place of business in Los Angeles, California. Equifax is a "consumer reporting agency" as defined by the FCRA §1681a(f) and, a "consumer credit reporting agency" as defined by Cal. Civ. Code § 1785.3(d).

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

20. Defendant Experian, Inc. ("Experian") is a foreign corporation existing under the laws of the state of Ohio with its principal place of business in Costa Mesa, CA. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f); and, a "consumer credit reporting agency" as defined by Cal. Civ. Code § 1785.3(d).

21. Defendant Trans Union, Inc. ("Trans Union") is a foreign corporation existing under the laws of the state of Delaware with its principal place of business in Fullerton, California. Trans Union is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f); and a "consumer credit reporting agency" as defined by Cal. Civ. Code § 1785.3(d).

22. Defendant Towing San Diego, Inc. ("TSD") is a California Corporation with its principal place of business in El Cajon, California.

23. This action arises out of a "debt" as that term is defined by Cal. Civ. Code § 1788.2(d) and 15 U.S.C. § 1692a(5) that was incurred as a result of a "consumer credit transaction" as defined by Cal. Civ. Code § 1788.2(e).

24. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## FACTUAL ALLEGATIONS

25. At all times relevant, Plaintiff is an individual residing within the State of California.

26. In or about 2019, Plaintiff obtained a vehicle that was subsequently financed by Defendant Kia. The vehicle is a 2019 Kia Niro.

27. Plaintiff, like many consumers in this Country, has been directly impacted financially by COVID-19 reducing the amount of funds available at Plaintiff's disposal.

28. Thus, Plaintiff affirmatively contacted Defendant to discuss payment options.

29. During these communications, Plaintiff obtained a forbearance for Plaintiff's monthly obligation owed to Defendant Kia. Plaintiff's payments to Kia were in forbearance for October and December of 2021 with payments to resume January of 2022.

30. On or around November 17, 2021 Plaintiff was sent by email a "KMF Payment Deferral Agreement" for signature. Plaintiff signed the document and received confirmation of signing.

31. Unfortunately, despite this agreement for deferral of payment, Defendant Kia unilaterally elected to repossess Plaintiff's vehicle on January 5, 2022 despite no obligation being owed at this time.

32. Based on information and belief, Defendant Kia thus hired Defendant TSD to repossess Plaintiff's vehicle despite a lack of delinquency on behalf of Plaintiff at the time of repossession.

33. Plaintiff immediately contacted Kia as he was shocked and confused his vehicle had been repossessed. Kia – likely after assessing Plaintiff's account and seeing the forbearance agreement – instructed Plaintiff he could get his car back from TSD. To Plaintiff's further shock and dismay, TSD had already caused substantial damage to his vehicle.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

34. After the repossession, in April of 2022, Defendant Kia again demanded payment from Plaintiff for Plaintiff's financial obligation and reported a past due delinquency to Defendants Experian, Equifax, and Trans Union. Kia claimed they were owed late payments for November and December of 2021 – despite the fact that Plaintiff had signed the forbearance agreement.

35. During this time Kia was reporting inaccurate late payments to the Credit Bureaus. Plaintiff subsequently became aware that his credit reports now reflected late payments even though there were never any late payments on the vehicle as there was a forbearance agreement for November and December of 2021.

36. Plaintiff sent a written communication to Equifax; Trans Union; and Experian on or about August 8, 2022 disputing the inaccurate reporting. Plaintiff has not received further communication from the Credit Bureaus to date.

37. Kia submits inaccurate credit information regarding Plaintiff to the Credit Bureaus every thirty days.

38. To date, Kia's inaccurate credit reporting remains on Plaintiff's Equifax, Experian, and Trans Union Credit Reports.

39. Curiously, all three Credit Bureaus report different late payments. Trans Union shows Plaintiff as late for November and December of 2021. Equifax shows Plaintiff as late for December of 2021 and January of 2022. Experian shows that as of December 2021 Plaintiff was sixty days late – meaning that he would have been late beginning October of 2021.

40. Defendant Kia's investigations into Plaintiff's alleged late payments were unreasonable. More specifically, Kia should have discovered from Kia's own records, including Plaintiff's communications and disputes that the information being reported was inaccurate and materially misleading.

41. Plaintiff contends it was unreasonable for Kia, Experian, Equifax, and Trans Union to not contact Plaintiff for further information if needed.
42. Accordingly, Kia failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. § 1681s-2(b)(1)(A) by failing to remove all of the disputed and incorrect information.
43. Kia failed to review all relevant information provided by Plaintiff in the dispute to the Credit Bureaus, as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).
44. Due to Kia's failure to reasonably investigate, Kia further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)E, thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).
45. By inaccurately reporting account information after notice and confirmation of its errors, Kia failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and (E).
46. Through this conduct, Defendant Kia violated FCRA §1681s-2 by furnishing information to consumer reporting agencies knowing that the information was inaccurate.
47. Defendants Experian, Equifax, and Trans Union failed to conduct a reasonable investigation with respect to disputed information as required by 15 U.S.C. § 1681i.
48. Accordingly, Defendants failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. § 1681s-2(b)(1)(A) by failing to remove all of the disputed and incorrect information.

49. Moreover, Equifax, Experian, and Trans Union violated FCRA §1681e and §1681i by failing to take reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff's credit report and failing to fix the information regarding the delinquency and debt amount in their credit reports.

50. Through this conduct, Defendants violated 15 U.S.C. § 1681s-2(b)(1)(E) for failing to reasonably investigate and failing to correct and update Plaintiff's information thereby causing continued reporting of inaccurate information in violation of 15. U.S.C. § 1681-s(2)(b)(1)(c).

51. By inaccurately reporting account information after notice and confirmation of its errors, Defendants failed to take appropriate measure as required by 15 U.S.C. § 1681s-2(b)(1)(D); and (E).

52. Defendant Kia's, Experian's, Equifax's, and Trans Unions's continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Kia's knowledge of the actual error was willful.

53. Defendant Kia's, Experian's, Equifax's, and Trans Unions's continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of their knowledge of the actual error was reckless.

54. Defendant Kia's, Experian's, Equifax's, and Trans Unions' failure to correct the inaccuracies on Plaintiff's credit reports was intentional and in reckless disregard of Defendants' duty to refrain from reporting inaccurate information.

55. Accordingly, Defendants willfuly and negligently failed to comply with Defendants' respective duties to reasonably investigate Plaintiff's dispute.

56. Defendants' inaccurate and negative reporting damaged Plaintiff's creditworthiness.

57. Through this conduct, Kia also violated Cal. Civ. Code § 1788.17 by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt.

58. Through this conduct, Kia violated Cal. Civ. Code § 1788.17 by falsely representing the character, amount, and legal status of the fraudulent debt in connection with the collection of the fraudulent debt from Plaintiff.

59. Through this conduct Kia violated Cal. Civ. Code § 1788.17 by using unfair and unconscionable means to collect the fraudulent debt from Plaintiff.

60. Through this conduct, Kia violated Cal. Civ. Code § 1788.17 by collections an amount not expressly authorized by the agreement creating the debt or permitted by law.

61. Through this conduct, Kia violated Cal. Civ. Code § 1788.17 by misrepresenting the character, amount, or legal status of Plaintiff's debt.

62. Through this conduct, Kia violated 15 U.S.C. § 1692f(6) by enforcing an invalid security interest against Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

63. Because Kia is a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Kia is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have know that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

64. Through this conduct, Kia violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that Kia knew or should have known was inaccurate.

65. Kia should have determined that Kia's reporting was inaccurate through review of their own account notes and records; and, as a result of the information provided with Plaintiff's disputes and communications.

66. Additionally, when TSD wrongfully repossessed Plaintiff's vehicle, Defendants Kia and TSD took possession of, and assumed control over, the Vehicle for Defendant Kia's and Defendant TSD's personal gain.

67. Defendants Kia and TSD deprived and/or prevented access to the Vehicle.

68. Such conduct amounts to civil theft of Plaintiff's property in violation of common law conversion.

69. At all times, Plaintiff owned and/or had full possessory rights over the Vehicle.

70. At all times, Defendant Kia and Defendant TSD had no possessory right to the Vehicle.

71. Defendant Kia and Defendant TSD prevented Plaintiff from having access to said vehicle and fully deprived Plaintiff of any possessory rights or enjoyment of Plaintiff's chattels.

72. Through this conduct, Defendant Kia and Defendant TSD acted in a manner that was oppressive, fraudulent, malicious and outrageous.

73. Through this conduct, Defendant Kia and Defendant TSD harmed Plaintiff by wholly depriving Plaintiff of the full use, value and enjoyment of the chattels.

74. Through this conduct, Defendant Kia and Defendant TSD further caused Plaintiff to suffer emotional distress.

75. The conduct of Defendant Kia and Defendant TSD was a substantial factor in causing Plaintiff this emotional distress and the harm described above in an amount to be proven at trial.

76. Through this conduct, Defendant Kia and Defendant TSD committed conversion.

77. By repossessing the Vehicle and refusing to return it to Plaintiff, Defendant Kia engaged in illegal and unfair conduct to collect an invalid debt from Plaintiff.

78. Through this conduct, Defendant Kia violated Cal. Civ. Code § 1788.17 by enforcing an invalid security interest against Plaintiff.

79. Since Plaintiff's efforts to be absolved of the invalid debt were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

## CAL. CIV. CODE § 1785.1, ET SEQ.

## [AGAINST KIA MOTORS FINANCE]

80. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

81. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

82. In the regular course of its business operations, Defendant routinely furnishes information to credit reporting agencies pertaining to transactions between Defendant and Defendant's consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

83. Because Defendant is a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendant is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

84. Since Defendant received all documents required to determine the inaccuracy of Defendant's reporting, Defendant should have known to update said reporting.

85. Defendant also should have determined that Defendant's reporting was inaccurate through review of their own account notes and records; and, as a result of the information provided with Plaintiff's disputes.

## COUNT II

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. §§ 1681-1681X (FCRA)

## [AGAINST KIA MOTORS FINANCE; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX, INC.; AND TRANSUNION, INC.]

86. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

87. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

88. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C § 1681o(a)(2), from each Defendant.

89. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the Court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the Court may allow, pursuant to 15 U.S.C. § 1681(n)(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681(n)(a)(3) from each Defendant.

# COUNT III

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### CAL. CIV. CODE §§ 1788-1788.32 (RFDCPA)

**[AGAINST KIA MOTORS FINANCE AND TOWING SAN DIEGO, INC.]**

90. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

91. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

92. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

# COUNT IV

## VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ. (FDCPA)

**[AGAINST KIA MOTORS FINANCE AND TOWING SAN DIEGO, INC.]**

93. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

94. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*

95. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15

U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant TSC.

## COUNT V

## CONVERSION

**[AGAINST KIA MOTORS FINANCE AND TOWING SAN DIEGO, INC.]**

96. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

97. Plaintiff had a right to possession in his vehicle and personal property contained therein at the time of his vehicle's repossession as he is the registered owner.

98. At present, Plaintiff is still the owner of the vehicle and has a continuing right of possession in the vehicle and the personal property contained therein.

99. Defendant has intentionally and substantially interfered with Plaintiff's property by wrongfully withholding Plaintiff's vehicle and property, and preventing Plaintiff from having access to his vehicle and property, and refusing to return plaintiff's vehicle and property after Plaintiff demanded its return.

100. Additionally, when Plaintiff was allowed access to the vehicle Plaintiff learned that TSD had caused substantial damage to the vehicle which in turn caused numerous needed reparations.

101. Plaintiff did not consent to any of Defendants' conduct.

102. Plaintiff should therefore be indemnified for all his losses which are the natural, reasonable, and proximate result of Defendants' conduct. In addition, Plaintiff should be compensated for the time and money reasonably spent trying to get his property back.

103. Defendants' conduct has caused Plaintiff damages including but not limited to lost wages, deprivation of use of his vehicle and personal property, increased transportation costs, inconvenience, and emotional distress.

104. As a result of Defendant's conduct, Plaintiff is entitled to actual damages,

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

including economic and non-economic damages, and punitive damages.

## COUNT VI

## VIOLATION OF TRESPASS TO CHATTELS

**[AGAINST KIA MOTORS FINANCE AND TOWING SAN DIEGO, INC.]**

105. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

106. Plaintiff had a right to possession in his vehicle and personal property contained therein at the time of his vehicle's repossession as he is the registered owner.

107. At present, Plaintiff is still the owner of the vehicle and has a continuing right of possession in the vehicle and the personal property contained therein.

108. Defendants have intentionally and substantially interfered with Plaintiff's property by retaining possession of Plaintiff's vehicle and property, preventing plaintiff from having access to his vehicle and property, and refusing to return plaintiff's vehicle and property after Plaintiff demanded its return.

109. Additionally, when Plaintiff was allowed access to the vehicle Plaintiff learned that TSD had caused substantial damage to the vehicle which in turn caused numerous needed reparations.

110. Plaintiff should therefore be indemnified for all his losses which are the natural, reasonable, and proximate result of Defendants' conduct. In addition, Plaintiff should be compensated for the time and money reasonably spent trying to get his property back.

111. Defendants conduct have caused Plaintiff damages including but not limited to lost wages, deprivation of use of his vehicle and personal property, increased transportation costs, inconvenience, and emotional distress.

112. As a result of Defendants conduct, Plaintiff is entitled to actual damages, including economic and non-economic damages, and punitive damages.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against each named Defendant individually for each incident of willful noncompliance with the FCRA;

- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against each named Defendant for each incident of willful noncompliance to the FCRA;

- An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendant for each incident of negligent noncompliance of the FCRA;

- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA;

- An award of costs and litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendant for each incidence of noncompliance of the FCRA;

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant individually;

- An award of actual damages, in an amount to be determined at trial,

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;

- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;

- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);

- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b);

- General damages according to proof for Plaintiff;

- Special damages according to proof for Plaintiff;

- Loss of earnings according to proof for Plaintiff;

- Punitive damages according to proof as to Plaintiff's CCCRAA; conversion; and, trespass to chattels causes of action against Defendant for Plaintiff; and,

- That there be a Judgment in favor of Plaintiff and against Defendants, Kia, Experian, Equifax, Trans Union, and TSD jointly and severally for all reasonable damages sustained by Plaintiff, including but not limited to actual damages, compensatory damages, out-of-pocket expenses, credit denials, costs and time of repairing her credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security and for punitive/exemplary damages, attorneys fees, court costs and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid;

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant;
- That this Honorable Court order Equifax, Experian, and Trans Union to reinvestigate and correct the credit report of Plaintiff, data emanations, and credit history of Plaintiff; and
- Any and all other relief that this Court deems just and proper.

## TRIAL BY JURY

113. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: December 30, 2022                                Respectfully submitted,

**KHOSROABADI & HILL, APC**

By: ___/s/ Sara Khosroabadi___
SARA F. KHOSROABADI, ESQ.
ATTORNEY FOR PLAINTIFF